LAW OFFICE OF<br>
CHRISTOPHER C. ROBERTS, LLC<br>
7 GLENWOOD AVENUE<br>
SUITE 401<br>
EAST ORANGE, NEW JERSEY 07017

(973)-673-0600<br>
FAX (973)-673-0627

November 1, 2019

Clerk of the Court
United States District Court of New Jersey
Dr. Martin Luther King, Jr. Bldg.
50 Walnut Street
Newark, New Jersey 07102

    **RE: Wiley v. City of Jersey City, et al.**
        **Civil Action No:**

Dear Clerk of the Court:

    Enclosed please find Plaintiff's Complaint and Jury Demand in the above referenced matter. Please file accordingly.

    Thank you for your time and your cooperation.

                                  Very truly yours,

                                  Christopher C. Roberts, Esq.

Enclosure

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dan Wiley

**DEFENDANTS**
City of Jersey City, amrk Bunbury, Arthur Williams, John Does (1-10), jane Does (1-10), ABC Corp. (1-10), ABC, LLC (1-10)

**(b)** County of Residence of First Listed Plaintiff: Hudson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hudson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher C. Roberts, 7 Glenwood ave. Ste. 401, East Orange, Nj
973-673-0600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimnation in Employment 29 U.S.C. sections 621-634
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/02/2019
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Christopher C. Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue, Suite 401
East Orange, New Jersey
(973)-673-0600
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

---

Dan Wiley,,
      Plaintiff               Civil Action No.

v.

                                            COMPLAINT AND JURY DEMAND

City of Jersey City, Mark Bunbury,
Arthur Williams, John Does (1-10), Jane Does (1-10),
ABC Corporations (1-10), ABC, LLC
(1-10), ABC LLP (1-10), JOINTLY,
SEVERALLY, INDIVIDUALLY

      Defendants.

---

Plaintiff Dan Wiley residing in the City of Jersey City, County of Hudson, State of New Jersey, complaining of defendants City of Jersey City, Mark Bunbury, Arthur Williams, located at 280 Grove Street, Jersey City, NJ 08807, alleges as follows:

JURISDICTION AND VENUE

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against Discrimination and the Age Discrimination in Employment Act (ADEA) of 1967, 29

1

U.S.C. sections 621-634, 42 U.S.C. sections, 1983 and 1985, Family Medical Leave Act 29 U.S.C.A. section 2601

2. The amount in controversy is greater than $75,000.00.

3. Venue is proper under 28 U.S.C. section 1391(a) in the United States District of New Jersey because defendants' activities transpired in this district.

## PARTIES

4. At all relevant times, Defendant City of Jersey City (hereafter "City") was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 280 Grove Street, Jersey City, New Jersey 07302.

5. At all relevant times, Defendant Mark Bunbury was in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, Defendant Mark Bunbury was the agent, employee, representative, servant of defendant "City".

6. At all relevant times, Defendant Arthur Williams was in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, Defendant Arthur Williams was the agent, employee, representative, servant of defendant "City".

7. At all relevant times, defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, defendants John Does(1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of defendant "City".

## FACTS COMMON TO ALL CLAIMS

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against Discrimination and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. sections 621-634.

2. Upon information and belief, Plaintiff Dan Wiley alleges that Defendants City of Jersey City, Mark Bunbury and Arthur Williams and John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), unlawfully discriminated against them on the basis of his age, gender/sex, disability association, and harassed him on those bases and retaliated against him.

3. Upon information and belief, Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon him.

4. Upon information and belief, Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

5. Upon information and belief, Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in or about November 2018.

6. Upon information and belief, on or about June 21, 2019, the EEOC made a Final Determination by EEOC Area Director John Waldinger, finding that Plaintiff was subjected to severe and pervasive hostile work environment, harassment, differential treatment and adverse employment terms and conditions and retaliation based on his age and on disability.

3

7. Upon information and belief, on or around, the EEOC issued Plaintiff a Notice of Right to Sue on or about September 10, 2019.

8. Upon information and belief, Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

9. Upon information and belief, Plaintiff is a black man over the age 40, born in 1952, thus making him approximately 67 years old.

10. Upon information and belief, Plaintiff has been employed as a Senior Program Analyst with the City of Jersey City Department of Recreation since 2003.

11. Upon information and belief, in or about January 2018, Plaintiff has been a target of discrimination by his supervisor Arthur Williams.

12. Upon information and belief, in or about 2018, Defendant Arthur Williams removed Plaintiff from most of his duties as a Senior Program Analyst and gave said duties to a younger employer. When Plaintiff complained of having his duties stripped, Defendant Arthur Williams had Plaintiff transferred from Caven Point to another location at Pershing Field which was farther away from home where Plaintiff's disabled wife was situated and Plaintiff is his wife's caregiver who needed to be close to his home to provide wellness checks for her during the day on his lunch breaks or be accessible if she has any medical emergency.

13. Upon information and belief, Plaintiff's FMLA status allowed him to respond to any home situation related to Plaintiff's wife's healthcare with a required frequency of 3 times a week up to 4 hours or a full day per episode.

14. Upon information and belief, in or about 2018, Plaintiff complained to Defendants including Defendant Mark Bunbury who is the Human Resources Director, several times

4

that the longer commute from his new location impacted the ability to care for his disabled wife and has complained about Defendant Williams discriminatory treatment and Defendants Williams, Bunbury, John Does (1-10), Jane Does (1-10), ABC Corp. (1-10) ignored his complaints.

15. Upon information and belief, in or about 2018, Defendant Williams in response to Plaintiff's complaint regarding the lengthy commute from his new location, told Plaintiff "If you want to be closer to your wife, you can retire."

16. Upon information and belief, in or about 2018, Defendant Arthur Williams in the presence of his secretary Tara Vanterpool, stated on multiple occasions that Plaintiff Dan Wiley was "too old to work in recreation" and "the children need to have someone younger to be on the field with them."

17. Upon information and belief, in or about 2018, Defendant Arthur Williams would follow Plaintiff in a city owned vehicle when Plaintiff traveled to work on a day of FMLA usage after canning in at Caven Point.

18. Upon information and belief, on or about June 16, 2019 Defendants City of Jersey City, Mark Bunbury and Arthur Williams John Does (1-10), Jane Does (1-10), ABC Corporations (1-10), ABC, LLC(1-10), ABC LLP (1-10), were responsible for a reorganization of the Department of Recreation which includes the elimination of Plaintiff's Senior Program Analyst position thus forcing Plaintiff to apply for a position in the Department of Recreation which he is already assigned. Such conduct appears to be in retaliation for Plaintiff's complaints of discrimination and said reorganization appears to be in violation of Civil Service protections afforded to Plaintiff.

19. Upon information and belief, Defendant(s) Mark Bunbury, Arthur Williams, John Does (1-10), Jane Does (1-10), ABC Corporations (1-10), ABC, LLC(1-10), ABC LLP (1-10),aided

and abetted the discriminatory treatment against Plaintiff.

## COUNT ONE

(NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 et seq.)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and by such reference repleads and incorporates them as though fully set forth herein.
2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment, based on age, gender, sex, association disability discrimination, disability discrimination, retaliation, in violation of the New Jersey Law Against Discrimination 10:5-1 et seq.
3. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT TWO

(VIOLATION of AGE DISCRIMINATION in EMPLOYMENT ACT 29 U.S.C. sections 621-634)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.
2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sections 621-634

3. In addition to its direct liability, the Defendant City of Jersey City is also vicariously responsible for the actions of Mark Bunbury, Arthur Williams, its agents or employees, by way of the doctrine of respondeat superior.

4. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT THREE

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1064. 42 U.S.C. sec. 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One and Two and by such reference repleads and incorporates them as though fully set forth herein.
2. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).
3. Plaintiffs made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on gender/ sex.
4. Defendants' adverse actions constituted retaliatory workplace harassment.
5. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.
6. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained,

7

and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT FOUR

### (VIOLATION of 42 U.S.C. sections, 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two and Three and by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution, 42, U..S.C. sections 1983 and 1985 as well as his free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of New Jersey.

4. In addition to its direct liability, the Defendant City of Jersey City is also vicariously responsible for the actions of Arthur Williams, Mark Bunburry, its agents or employees, by way of the doctrine of respondeat superior.

5. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

(FIFTH COUNT)

(VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C.A. section 2601)

1. Plaintiff refers to the allegations set forth in the First, Second, Third and Fourth Counts above and by such reference repleads and incorporates them as though fully set forth herein.

2. Upon information and belief, Defendant City of Jersey City is an employer of at least 50 people.

3. Defendant City of Jersey City interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the Family Medical Leave Acts by discriminating and/or retaliating against plaintiff, by not protecting his job security and obstructing the care for Plaintiff's wife, because he exercised his rights under FMLA 29 U.S.C.A. section 2601, et seq.

4. As a proximate cause of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that plaintiff would have received had defendants not violated plaintiff's rights under the FMLA.

5. As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dan Wiley prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the City of Jersey City Hall community.

2. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

3. Any other prospective injunctive relief that the Court deems just and appropriate

4. For compensatory damages including but not limited to lost wages and benefits, and emotional distress damages

5. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. sec. 2000e-5(k), New Jersey Law Against Discrimination sec. 10:5-27.1, and other laws; and

6. Punitive damages

7. Pain and suffering

8. Attorney fees and costs, plus interest

9. For such other and further relief as the Court deems proper.

DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

By: _____
Christopher C. Roberts, Esq.
7 Glenwood Avenue, Suite 401
East Orange, NJ 070107
(973)-673-0600

Dated: November 2, 2019